**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4008

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANGELO MEJIA, a/k/a Los,

Defendant – Appellant.

No. 20-4009

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGELO MEJIA, a/k/a Los, a/k/a Lo, a/k/a Loco,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:17-cr-00054-RJC-DSC-1; 3:18-cr-00082-RJC-DSC-1)

Submitted: January 31, 2023                     Decided: March 24, 2023

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF**: Brandon R. Roseman, BRANDON ROSEMAN, PLLC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Angelo Mejia pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("case one"). Mejia also pled guilty in a separate criminal case ("case two") pursuant to a second written plea agreement, to conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession with intent to distribute heroin, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. The cases were consolidated for the purposes of the Fed. R. Crim. P. 11 plea hearing. The district court sentenced Mejia to a total term of 235 months' imprisonment, which included 235 months on the cocaine conviction and 120 months on the firearm conviction to be served concurrently to each other and to the term of imprisonment in case two. In case two, the court sentenced Mejia to 235 months on both counts to be served concurrently. Mejia noted an appeal in both cases, and the appeals have been consolidated.

On appeal, Mejia argues that (1) counsel rendered ineffective assistance by allowing him to enter into a contradictory plea agreement in case two and by withdrawing two objections to sentencing enhancements at the start of Mejia's sentencing hearing; (2) his plea was not knowing and voluntary due to contradictory terms in his plea agreement; and (3) the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), invalidates his § 922(g) conviction. We affirm the district court's judgments.

3

We do not review a claim of ineffective assistance of counsel made on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. Campbell*, 963 F.3d 309, 319 (4th Cir. 2020). To succeed on an ineffective assistance of counsel claim, Mejia must show that (1) counsel's performance was constitutionally deficient and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (discussing prejudice in context of guilty plea). Our review of the current record does not conclusively establish ineffective assistance of counsel. Therefore, this claim should be raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Faulls*, 821 F.3d 502, 507–08 (4th Cir. 2016); *see also Massaro v. United States*, 538 U.S. 500, 504-07 (2003) (discussing standard).

We turn next to the validity of Mejia's guilty plea. Because Mejia did not move to withdraw his guilty plea in the district court, we review the validity of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

4

When accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading, and the possible consequences of pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

Based on our review of the Rule 11 hearing, we conclude that Mejia's plea was knowing, voluntary, and supported by an independent factual basis. The magistrate judge reviewed the terms of Mejia's plea agreements, including the stipulations made by the parties regarding the Sentencing Guidelines, and ensured that Mejia had read, understood, and agreed to these terms. We conclude that the terms of Mejia's plea agreements are not contradictory and do not render Mejia's otherwise valid guilty plea unknowing and involuntary. Therefore, the magistrate judge and the district court committed no error in accepting Mejia's guilty plea.

We finally turn to Mejia's *Rehaif* challenge to his guilty plea. Because Mejia did not raise this argument in the district court, our review is limited to plain error. *See Greer v. United States*, 141 S. Ct. 2090, 2099-100 (2021) (holding that unpreserved *Rehaif* claims are subject to plain error review). In the context of a *Rehaif* error, the Supreme Court held

5

in *Greer* that such an error "is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. "When a defendant advances such an argument or representation on appeal, [we] must determine whether the defendant has carried the burden of showing a reasonable probability that the outcome of the district court proceeding would have been different." *Id.* (internal quotation marks omitted).

Mejia does not argue that he did not know he was a felon, and we conclude that any attempt to do so would be unconvincing in light of his criminal history, which includes a felony possession of cocaine conviction for which Mejia was still on probation when he committed the instant offenses. Therefore, Mejia has not demonstrated a reasonable probability that the outcome of these proceedings would have been different had the district court been aware of, and advised Mejia regarding, the knowledge-of-status element under *Rehaif*. *See United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (explaining that defendant's prior record of incarceration made it "virtually impossible to believe he did not know he had been convicted of crimes punishable by" more than one year in prison). Consequently, Mejia's guilty plea remains valid after *Rehaif*.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6